UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN L. CHAMBERS, ) | |
| Plaintiff, ) | |
| v. ) | No. 4:05-CV-1885-SNL |
| STATE OF MISSOURI, ) | |
| Defendant. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Kevin L. Chambers for leave to remove a state court action to this Court without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## 28 U.S.C. § 1446(c)(4)

Additionally, 28 U.S.C. § 1446(c)(4) provides that a district court shall examine a notice of removal promptly and, "[i]f it appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

## The notice of removal

Liberally construing the notice of removal, it appears that plaintiff seeks to remove to the United States District Court for the Eastern District of Missouri a criminal case which is pending against him in the St. Louis County Circuit Court. On September 15, 2005, the prosecuting attorney filed a complaint against plaintiff charging him with class C felony drug possession.

Plaintiff alleges that St. Louis County Drug Task Force agents fabricated the drug charges against him in retaliation for his filing federal civil rights charges against them. Plaintiff states that he filed such charges after he was assaulted and battered by the drug task force agents.

## Discussion

This matter should be summarily remanded back to the Twenty-First Judicial Circuit (St. Louis County) for the State of Missouri.

### A. State not amenable to suit.

Plaintiff's complaint fails to state a claim for several reasons. First, the State of Missouri is not amenable to suit pursuant to § 1983 because it is not a "person" for purposes of the statute. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989).

### B. Removal statutes.

Second, plaintiff's claim that this action can be removed pursuant to 28 U.S.C. §§ 1441 and 1443 cannot be maintained. The right to remove is statutory and must be strictly construed. "'Due regard for the rightful independence of state governments, . .requires that [federal

2

courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872 (1941) (*quoting Healy v. Ratta*, 292 U.S. 263, 270, 54 S.Ct. 700, 703 (1934)) (citations omitted); *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). In promoting this policy, the Court resolved doubts in construction of removal statutes against removal and has refused to expand removal jurisdiction when such expansion could be avoided. *Id.* at 108-09, 61 S.Ct. at 872.

### 1. 28 U.S.C. § 1441.

On its face, § 1441 appears to apply only to removal of civil actions. Only § 1441(c) does not expressly limit itself to civil actions. Section 1441(c) provides for removal of an entire case in which "a separate and independent claim," which is removable, is joined with otherwise non-removable claims. Here, however, there are no "separate or independent claims" but rather only one criminal complaint. Accordingly, removal pursuant to § 1441 cannot be maintained.

### 2. 28 U.S.C. § 1443.

Plaintiff's assertion that removal of this matter can be maintained under § 1443 also fails because § 1443 applies only to denials of specific rights of racial equality and to enforcement activity by federal officers and those acting under them, neither of which is alleged herein. 28 U.S.C. § 1443(1), (2); *see Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790 (1966); *State of Iowa v. Johnson*, 976 F.Supp. 812, 817 (N.D.Iowa 1997).

As to subsection (1), plaintiff has alleged that the State criminal prosecution at issue was commenced against him in retaliation for his filing federal civil rights charges against St. Louis County Drug Task Force agents. As such, the gravamen of plaintiff's complaint is that defendant is attempting to chill his right to seek redress from the courts for his grievances. While such a claim implicates plaintiff's First Amendment rights, it does not implicate any claim based on racial equality.

Subsection (2) is clearly inapplicable because defendant does not allege that he was acting under "color of authority derived from any law providing for equal rights." 28 U.S.C. §

3

1443(2); *see Johnson*, 976 F.Supp. at 817. Moreover, the Supreme Court has held that "color of authority" is "limited to enforcement activity by federal officers and those acting under them." *Id.* (*citing City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 823, 86 S.Ct. 1800, 1810 (1966). Thus, removal pursuant to § 1443(2) cannot be maintained.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to quash grand jury indictment [Doc. 3] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that this matter be remanded to the Twenty-First Judicial Circuit (St. Louis County) for the State of Missouri. *See* 28 U.S.C. § 1446(c)(4).

An appropriate order of dismissal will accompany this order and memorandum.

Dated this 6th day of December, 2005.

SENIOR UNITED STATES DISTRICT JUDGE